People v Francis (2025 NY Slip Op 07314)

People v Francis

2025 NY Slip Op 07314

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-05786
 (Ind. No. 71590/23)

[*1]The People of the State of New York, respondent,
v
Lakim Francis, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered June 1, 2023, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his sentence was excessive (see People v Lopez, 6 NY3d at 255).
The defendant's contention that the Supreme Court improperly imposed a condition of probation requiring the defendant to support his dependents and meet other family responsibilities (Penal Law § 65.10[2][f]) is without merit, as the defendant has a child for whom he is obligated to provide support (see People v Archibald, 241 AD3d 837, 839). The defendant's constitutional challenge to so much of this condition as required him to "meet other family responsibilities" is unpreserved for appellate review (see People v Keisy A., 242 AD3d 1013; People v Archibald, 241 AD3d at 839), and we decline to reach it in the exercise of our interest of justice jurisdiction.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court